UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DANIEL SANTIAGO CRUZ ZULUAGA,         Civil Action No.   1:23-cv-7478

                              Plaintiffs,

              -against-                                          COMPLAINT

THE CITY OF NEW YORK, NYPD Officer CHRISTIAN
MARTINEZ, and NYPD Officers JANE and JOHN DOE
1 through 20, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                            Defendants,
-----------------------------------------------------------------------X

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, DANIEL SANTIAGO CRUZ ZULUAGA, by his attorneys, HACH & ROSE, LLP, complaining of the defendants, respecfully alleges as follows:

## FACTS

1. Plaintiff, DANIEL SANTIAGO CRUZ ZULUAGA, is a Colombian male, and has been at all relevant times a resident of Queens County in the City and State of New York.

2. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

1

4. At all times relevant, NYPD P.O. CHRISTIAN MARTINEZ (Tax Reg. # 960886), individually and in his official capacities, and NYPD Defendants John & Jane Doe 1 through 20 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD of the defendant THE CITY OF NEW YORK.  Plaintiff does not know the real names and shield / tax numbers of Defendants John & Jane Doe 1 through 20.

5. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by/with defendant THE CITY OF NEW YORK.

7. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by/with defendant THE CITY OF NEW YORK.

8.  On or about October 12, 2022, at approximately 5:00 p.m., the plaintiff was lawfully on his bicycle in or about Manuel De Dios Unanue Triangle Park, adjacent to the intersection of Baxter Avenue and Roosevelt Avenue, County of Queens, City and State of New York.

9. Multiple New York City Police Officers, including, upon information and belief, defendant Police Officer NYPD P.O. CHRISTIAN MARTINEZ, approached the Plaintiff on foot and advised him that he had to leave the area because he was smoking.

10. Plaintiff DANIEL SANTIAGO CRUZ ZULUAGA remained on his bicycle and advised the

aforesaid New York City Police Officers that he was not smoking and that he was waiting for his significant other to leave work.

11. The multiple New York City Police Officers then walked away on foot and the Plaintiff DANIEL SANTIAGO CRUZ ZULUAGA remained at the location on his bicycle waiting for his significant other.

12. Minutes later, at least four (4) New York City Police Officers returned and demanded the Plaintiff's identification and asked the Plaintiff what he had in his bag.

13. The plaintiff questioned the aforesaid Police Officers why they needed his identification when he was not doing anything wrong.

14. Approximately four (4) defendant Police Officers surrounded the Plaintiff as he was sitting on his bicycle and the officers continued to demand his identification.

15. Suddenly, one of the New York City Police Officers said something to the effect of, "lets get him" and one of the officers reached and grabbed the Plaintiff's arm from behind.

16. Multiple defendant New York City Police Officers, including, upon information and belief, defendant Police Officer NYPD P.O. CHRISTIAN MARTINEZ, then grabbed the plaintiff, forcibly subdued the Plaintiff, hand cuffed the Plaintiff, punched the plaintiff in the face, placed an illegal choke hold on the plaintiff, wrestled the plaintiff from his bicycle to the ground, and generally used excessive force, presumably to obtain the Plaintiff's identification.

17. The entire episode is memorialized by six (6) videos, copies of which are annexed collectively hereto as **Exhibit A**.

18. After being punched, choked, beaten, wrestled, and hit by multiple defendant New York City

Police Officers, the Plaintiff was arrested and charged with the following crimes:

   a. 205.30 Resisting Arrest;

   b. 195.05 Obstruction of Governmental Administration, 2nd Degree;

   c. 240.20(1) Disorderly Conduct;

   d. AC 17-503 Prohibition of Smoking In Public Places;

19. The defendant, NYPD P.O. CHRISTIAN MARTINEZ, signed the Misdemeanor (annexed hereto as **Exhibit B**) knowing its contents were largely inaccurate. Specifically, the defendant, Officer Martinez, alleged that the Plaintiff was smoking a marijuana cigarette while sitting on public park grounds and that the Plaintiff refused to provide his identification by saying "I'M NOT GIVING YOU ID, I'M NOT GIVING YOU MY PEDIGREE INFORMATION."

20. The Defendants, including NYPD P.O. CHRISTIAN MARTINEZ, filed these charges for their/his own personal gain and not because of probable cause to make the arrest.

21. Plaintiff was arrested on October 12, 2022, booked on October 13, 2022, and released at approximately 8:00 p.m. on October 13, 2022. All charges against the Plaintiff stemming from the subject incident were later dismissed.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, slander, libel, humiliation, and reputational damage.

## CLAIM ONE
### Under State and Federal Law
### FALSE ARREST

4

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

24. Defendant police officers arrested Plaintiff in the absence of probable cause and without a valid warrant.

25. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained and confined. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's rights.

**CLAIM TWO**
**Under State and Federal Law**
**MALICIOUS ABUSE OF PROCESS**

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. The individual defendants issued legal process to place Plaintiff under arrest.

28. The Municipal Defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

29. The Municipal Defendants acted with intent to do harm to Plaintiff without excuse or justification.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained, inter alia, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

**CLAIM THREE**
**Under State Law**
**ASSAULT and BATTERY**

5

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

32. Defendants' aforementioned actions placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

33. Defendant police officers touched Plaintiff in a harmful and offensive manner.

34. Defendant police officers did so without privilege or consent from Plaintiff.

35. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## CLAIM FOUR
### Under State and Federal Law
### UNREASONABLE FORCE

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants violated the Fourth and Fourteenth Amendments and New York State Law because they used unreasonable, excessive, and unjustified force on Plaintiff.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## CLAIM FIVE
### Under Federal Law
### DEPRIVATION OF FEDERAL RIGHTS

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

40. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

41. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities

guaranteed to citizens and residents of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## CLAIM SIX
### Under State Law
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendant NYPD P.O. CHRISTIAN MARTINEZ individually named above.

47. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including

7

the defendants individually named above.

48. Due to the negligence of the defendants as set forth above, Plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

49. The acts complained of deprived the Plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. Not to have summary punishment imposed upon him; and

   D. To receive equal protection under the law.

## **Jury Demand**

1. Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   i.   an order awarding compensatory damages in an amount to be determined at trial;

   ii.  an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and,

   iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, NY
October 5, 2023

Yours, etc.,

*[signature]*

Christopher Cellante, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York
T.212.779.0057

STATE OF NEW YORK        }
                         } ss.
COUNTY OF NEW YORK   }

Christopher Cellante, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for Plaintiff, in the within action; that the deponent has read the foregoing **COMPLAINT AND JURY DEMAND** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiff and is made by deponent is that Plaintiff does not reside in the county where the attorney for the Plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiff.

DATED:   NEW YORK, NY
         October 5, 2023

_____
Christopher Cellante, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York
T.212.779.0057

10